Duncan, J.
delivered the opinion of the Court.
The defendant was presented by the grand jury in the Circuit Superior Court of Law and Chancery of Powhatan county, for cohabiting with and keeping a female slave named Eveline, the property of Bennet M. Bagby. Upon this presentment a rule was obtained against the defendant to shew cause why an information should, not be filed against him: and at a subsequent term of the Court, the rule was made absolute, and an information directed. The information charged that the defendant, “on the first day of November 1844, and at divers other times within 12 months next preceding the said sixth of November 1844, did cohabit with and keep a female slave named Eveline, the property of Bennet M. Bagby; and did then and there commit fornication with the said Eveline; contrary to the form of the statute,” &c.
To this information the defendant pleaded not guilty; and a jury were empanneled to try the cause; which rendered a verdict as follows: “ We of the jury find the defendant guilty, and assess his fine at twenty dollars for two offences of fornication.”
The defendant thereupon moved the Court to arrest the judgment on the verdict aforesaid; and assigned the following errors.
1. That the offence charged in the presentment is not the offence declared on in the information.
2. That the keeping and cohabiting with a slave is not such open and notorious lewdness as to have been presentable at common law; and if not presentable at common law, there is no statute making it punishable.
*557 3. That the statute against fornication does not apply to the case of a slave; but must have contemplated only such cases as those in which both parties were presentable.
The Circuit Superior Court adjourned for novelty and difficulty, the following questions to this Court, viz :
1. Should the judgment in this case be arrested?
2. What judgment should be given on the whole case ?
On the first error assigned, “that the offence charged in the presentment is not the offence declared on in the information,” this Court is of opinion, that after the plea of not guilty, and a trial and verdict upon that plea, it is not competent to arrest the judgment, for any supposed variance between the information and presentment • but that if any such variance existed, the defendant might have availed himself of it, by shewing cause against the filing of the information, or by motion to quash the information.
As to the second and third grounds of error assigned, this Court is of opinion, that incontinence of itself is not punishable at common law. The doctrine upon this subject has been fully examined and settled by this Court in the cases of Anderson v. The Commonwealth, 5 Rand. 627, and The Commonwealth v. Isaacs, Id. 634. Simple incontinence, therefore, is only punishable under the statute I Rev. Code 555, which provides, “ that every person, not being a servant or slave, committing adultery or fornication, and being thereof lawfully convicted by the oaths of two or more credible witnesses, or confession of the party, shall for every of-fence of adultery, forfeit and pay twenty dollars, and for every offence of fornication, ten dollars.”
This statute, it is true, only subjects a party to punishment who is not a servant or slave; but this Court perceives no reason why, because one of the offending parties is exempt from the operation of the statute by *558 reason of being a slave, the other, who is not a slave, should also be exempt. On the contrary, this Court is of opinion, that such an interpretation of the statute cannot be sustained: and that a person, who is not a servant or slave, having illicit intercourse with a slave, is as much within the operation of the statute as if both the offending parties were free. This Court, therefore, decides, that neither of the errors assigned are sufficient to arrest the judgment on the verdict aforesaid. But a majority of the Judges are of opinion, that there are other errors disclosed by the record and proceedings of the cause, for which the judgment ought to be arrested; but there being a diversity of opinion among the Judges, as to the particular grounds upon which the judgment ought to be arrested, it becomes unnecessary to state them.
It is therefore ordered, that it be certified to the Circuit Superior Court of Law and Chancery of the county of Powhatan, that the judgment on the verdict aforesaid ought to be arrested; and the defendant discharged and acquitted of the said'prosecution.